# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                 No. CR 15-1504 JB
                                                                    No. CIV 17-0030 JB/LAM

BLAKE GALLARDO,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Defendant/Movant's hand-written filing that the Court received and filed on January 19, 2017 (CR Doc. 92)("Filing"). The Court has reviewed the docket in Defendant/Movant Blake Gallardo's criminal case, No. CR 15-1504. The Court determines that Gallardo's Filing does not articulate any grounds for relief, and the Court will dismiss the Filing.

## PROCEDURAL BACKGROUND AND CONSTRUCTION OF GALLARDO'S FILING

Gallardo submitted his hand-written Filing to the Court on January 19, 2017. See Filing at 1. In his filing, he states:

> I became aware of the residual clause that falls under the Johnson issue I know that the deadline for the Johnson case was June 26, 2016 At that time I was on lockdown I'm not good with any of the legal terms but I would like to know if the Johnson residual clause apply to me.

Filing at 1. Gallardo's Filing appears to inquire about the possibility of collaterally challenging his sentence on the grounds that it is unconstitutional under the Supreme Court of the United States' ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). See Filing at 1. Gallardo may challenge his sentence, however, only by a motion under 28 U.S.C. § 2255. See 28 U.S.C. §

2255(a), (e); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Pursuant to Castro v. United States, 540 U.S. 375 (2003), if:

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro v. United States, 540 U.S. at 383. Because, as set out below, Gallardo would never be eligible for relief under Johnson v. United States, the Court declines to construe his hand-written filing as a First § 2255 motion and a subsequent § 2255 motion[1] will not be subject to the restrictions on second or successive motions under 28 U.S.C. § 2255(h).

## APPLICABLE LAW ON JOHNSON V. UNITED STATES
## AND SECTION 2255 COLLATERAL REVIEW

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), is impermissibly vague and that imposing an increased sentence under that provision violates the Fifth Amendment to the Constitution of the United States of America's guarantee of due process. See 135 S. Ct. at 2562-63. Under the

---

[1]The Court carefully considered construing Gallardo's Filing as a § 2255 motion to vacate, set aside, or correct his sentence. Gallardo was not sentenced, however, under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the Johnson v. United States decision will never provide him any basis for relief. Moreover, in reviewing the record, he was sentenced under 18 U.S.C. § 924(c), and under Sessions v. Dimaya, 138 S. Ct. 1204 (2018) and the United States Court of Appeals for the Tenth Circuit's recent decision in United States v. Salas, 889 F.3d 681 (10th Cir. 2018), he may at some future time have a basis for a § 2255 motion. The Court will thus decline to construe the Filing as a § 2255 motion and will dismiss the Filing without prejudice such that 28 U.S.C. § 2255(h) will not bar a future § 2255 motion.

ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony."  18 U.S.C. § 924(e)(2)(B).  The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The Supreme Court, in Johnson v. United States, struck down the italicized residual clause as unconstitutionally vague.  See 135 S.Ct. at 2555-63.  The language of § 924(e)(2)(B)(i), which defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause.  The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists particular offenses that are violent felonies.  The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question the ACCA's application to the four enumerated offenses or to the remainder of the definition of a violent felony in § 924(e)(2)(B).  See 135 S. Ct. at 2563.  The Johnson v. United States decision, therefore, has no application to sentences enhanced under § 924(e)(2)(B)(i)'s force or element clause, or under § 924(e)(2)(B)(ii)'s enumerated clause.

In this case, Gallardo was not sentenced under the ACCA, much less under § 924(e)(2)(B)(ii)'s residual clause.  See Judgment in a Criminal Case at 1-2, filed January 25, 2016 (Doc. 68).  Because Gallardo was not sentenced under the ACCA, Johnson v. United States has no application to his sentence and affords him no basis for relief from that sentence.  See

United States v. Greer, 881 F.3d 1241, 1247-48 (10th Cir. 2018). Gallardo may not proceed on a claim for relief under Johnson v. United States, and the Court will dismiss his Filing.

**IT IS ORDERED** that the Defendant/Movant's hand-written filing that the Court received and filed on January 19, 2017 (CR Doc. 92), is dismissed without prejudice to his right to file a subsequent 28 U.S.C. § 2255 motion unrestricted by the limitations on second or successive motions in 28 U.S.C. § 2255(h).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Blake Gallardo
USP Terre Haute
Terra Haute, Indiana

*Movant pro se*