# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BLAKE GALLARDO,

    Petitioner,

v.                                                                               No. 18-cv-802 KWR-JFR
                                                                                      15-cr-1504 KWR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Blake Gallardo's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (Motion) (CR Doc. 98). Gallardo is incarcerated and proceeding *pro se*. He asks the Court to vacate his 84-month sentence for using a firearm in relation to a crime of violence and a drug trafficking crime (18 U.S.C. § 924(c)). Having reviewed the record and applicable law, the Court will dismiss the Motion with prejudice.

### BACKGROUND

In January of 2015, Gallardo robbed two Walgreens pharmacies at gunpoint. (CR Doc. 38 at 6-7). He jumped over each pharmacy counter with a handgun and ordered the pharmacist to dispense bottles of oxycodone. *Id.* Federal authorities arrested Gallardo on June 12, 2015. He eventually pled guilty to the following counts of the federal Indictment:

(Count 1): Interference with interstate commerce by robbery and violence in violation of 18 U.S.C. § 1951(a);

(Count 2): Using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c);

(Count 3): Robbery involving controlled substances in violation of 18 U.S.C. §§ 2118(a)(1) and 2118(c)(1); and

(Count 5): Possession with Intent to Distribute Oxycodone in violation of 21 U.S.C. § 841(b)(1)(C).

(CR Doc. 2 at 2-3); *see also* (CR Doc. 68 at 2). Gallardo also pled guilty to theft of medical products in violation of 18 U.S.C. §§ 670, which was added by a separate Information. (CR Doc. 35); *see also* (CR Doc. 68 at 1-2).

The Court accepted the plea and sentenced Gallardo to 87 months imprisonment on Counts 1, 3, and 5; 60 months imprisonment on the unenumerated medical theft charge; and 84 months imprisonment on Count 2 (firearm charge). (CR Doc. 68 at 3). The firearm sentence runs consecutively to all other sentences, and the total term of incarceration is 180 months. *Id.* The Court (Hon. James Browning) entered Judgment on January 25, 2016. *Id.* Gallardo did not appeal, in accordance with his waiver of rights under the Plea Agreement. (CR Doc. 38 at 10).

Gallardo filed the instant § 2255 habeas proceeding on August 17, 2018. (CR Doc. 98). He asks the Court to vacate his 84-month firearm sentence on the ground that 18 U.S.C. § 924(c) is unconstitutionally vague. Gallardo moved to amend his habeas Motion on December 26, 2019. (CR Doc. 99). The Court granted leave to file an amended § 2255 motion no later than March 19, 2020, but Gallardo failed to comply. (CV Doc. 3). The Court will therefore screen the original Motion under Habeas Corpus Rule 4 (CR Doc. 98).[1]

---

[1] Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

**DISCUSSION**

Section 2255 allows District Courts to vacate a federal conviction or sentence if it violates "the Constitution or laws of the United States." 28 U.S.C. § 2255. Where, as here, the § 2255 proceeding is filed several years after the Judgment becomes final, the petitioner must generally demonstrate the conviction is invalid based on a new rule of constitutional law. *See* 28 U.S.C. § 2255(f)(3). Gallardo argues his § 924(c) conviction is invalid under two recent Supreme Court cases: *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *U.S. v. Davis*, 139 S. Ct. 2319 (2019).[2] He contends that, under the reasoning of those cases, § 924(c)'s prohibition on using a firearm during a "crime of violence" is unconstitutionally vague.

*Dimaya* and *Davis* are extensions of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the original case addressing the "crime of violence" definition. *Johnson* focused on the definition of "violent felony" in the Armed Career Criminal Act, which includes crimes that: (i) have an element of force or threat of force (the "Elements Clause"); or, alternatively (ii) involve conduct that "presents a serious potential risk of physical injury" (the "Residual Clause"). 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The Supreme Court determined the latter definition of violent felony – the Residual Clause – is unconstitutionally vague. *Johnson,* 135 S. Ct. at 2557. The Residual Clause required judges to disregard whether the crime was actually violent and "imagine how the idealized ordinary case of the crime … plays out," including whether it potentially presents some undefined degree of risk. *Id.* at 2557-2558. *Dimaya* and *Davis* applied *Johnson's* ruling to other statutes,

---

[2] Gallardo actually cites *Dimaya* along with *United States v. Salas,* 889 F.3d 681 (10th Cir. 2018). In *Salas,* the Tenth Circuit invalidated the Residual Clause of 18 U.S.C. § 924(c); the following year, the U.S. Supreme Court made an identical ruling in *Davis*. The Court cites *Davis* rather than *Salas* because habeas relief is only available at this stage in the proceeding if the criminal conviction violates Supreme Court law. *See* 28 U.S.C. § 2255(f)(3).

including 18 U.S.C. § 16(b) (defining "crime of violence" for purposes of several federal statutes, *Dimaya*) and 18 U.S.C. § 924(c) (criminalizing the use of a firearm during a "crime of violence," *Davis*). Both cases invalidated a residual clause that - like the ACCA's Residual Clause - defined violent crimes to include any felony that merely involves a risk of harm. *Id.*

*Johnson, Dimaya,* and *Davis* do not impact Gallardo's firearm conviction, for several reasons. First, those cases only afford relief where the underlying crime of violence falls within the Residual Clause, rather than the Elements Clause, of the offending statute. Gallardo used a firearm in connection with two underlying crimes: robbery of controlled substances, 18 U.S.C. §§ 2118(a)(1), (c)(1), and interference with interstate commerce through robbery, 18 U.S.C. § 1951(a) (known as "Hobbs Act Robbery"). The Tenth Circuit has repeatedly held that robbery qualifies as a "violent felony" under the Elements Clause, rather than the Residual Clause, since force is an element of the crime. *See U.S. v. Myers,* 786 Fed. App'x 161, 162 (10th Cir. 2019) (rejecting *Davis* claim because Hobbs Act robbery is a violent felony under § 924(c)'s Elements Clause); *Melgar-Cabrera*, 892 F.3d 1053, 1065 (10th Cir. 2018) (same, but analyzing *Johnson* and § 924(e)); *U.S. v. Lloyd,* 741 Fed. App'x 570, 573 (10th Cir. 2018) (bank robbery is a crime of violence under the Elements Clause and 18 U.S.C. § 2113, which features language identical to drug-robberies under § 2118); *United States v. Contreras,* 689 Fed. App'x 886, 888-889 (10th Cir. 2017) (suggesting that "robbery [of controlled substances] as defined in section … 2118" qualifies as a violent felony under the Elements Clause). Gallardo was therefore properly convicted of using a firearm during a "crime of violence" - as defined by § 924(c)'s Elements Clause - notwithstanding any defects in the Residual Clause.

Further, even if Gallardo was convicted under the defective Residual Clause of § 924(c), he

would still not be entitled to relief. Gallardo used a firearm during a crime of violence <u>and</u> in furtherance of a drug trafficking crime. Beyond robbery, he pled guilty to possessing oxycodone with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C). (CR Doc. 2 at 2); *see also* (CR Doc. 68 at 2). *Johnson, Dimaya,* and *Davis* have no impact on convictions for using a firearm in furtherance of a drug trafficking crime. *See U.S. v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished order) (*Davis* only provides relief from convictions "for using … a firearm during … a crime of violence"); *U.S. v. Turner,* 624 Fed. App'x 624, 626 (10th Cir. 2015) (*Johnson* is not pertinent where conviction is based on drug offenses, rather than a crime of violence); *U.S.* v. *Nietfeld*, 2019 WL 7116089, at *2 (D. Kan. Dec. 23, 2019) (void-for-vagueness arguments have no impact on "possession of a firearm in furtherance of a drug trafficking crime"); *Reyes v. U.S.*, 2019 WL 5265293, at *2 (D. Utah Oct. 17, 2019) (same); *U.S. v. Becerra-Molina,* 2019 WL 4144314, at *2 (N.D. Okla. Aug. 30, 2019) (same). Consequently, Gallardo must serve his 84-month firearm sentence, even if he prevailed on his arguments regarding § 924(c)'s violent crime provisions.

The Court also notes that Gallardo agreed to "waive any collateral attack to the Defendant's convictions and any sentence … pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance." (CR Doc. 38 at 10). The Motion does not raise a claim for ineffective assistance of counsel, and Gallardo's void-for-vagueness arguments do not implicate the issue. The plea waiver therefore represents a third basis to dismiss the habeas proceeding. Finally, to the extent Gallardo asks the Court to overlook any legal defects under § 2255 and vacate his federal sentence under equitable considerations, such relief is also denied. (CR Doc. 98 at 8). The Court appreciates Gallardo's efforts at rehabilitation

and encourages him to keep completing treatment programs in prison. However, district courts do "not have inherent power to resentence defendants" based on equitable considerations. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

For these reasons, Gallardo is plainly not entitled to relief from his federal sentence. The Court will dismiss the § 2255 Motion with prejudice pursuant to Habeas Corpus Rule 4. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the grounds for dismissal are not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in habeas proceedings where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Blake Gallardo's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (CR Doc. 98) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE