# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BLAKE GALLARDO,

    Petitioner,

v.                                          No. 1:18-cv-00802-KWR-JFR
                                               1:15-cr-01504 KWR-JFR-1

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Blake Gallardo's Motion to Reconsider (CV Doc. 6). Gallardo is incarcerated and proceeding *pro se*. He seeks reconsideration of the ruling dismissing his 28 U.S.C. § 2255 habeas motion. Having reviewed the record and applicable law, the Court will deny the Motion to Reconsider.

## BACKGROUND

In January of 2015, Gallardo robbed two Walgreens pharmacies at gunpoint. (CR Doc. 38 at 6-7). He jumped over each pharmacy counter with a handgun and ordered the pharmacist to dispense bottles of oxycodone. *Id.* Federal authorities arrested Gallardo on June 12, 2015. He eventually pled guilty to the following counts of the federal Indictment:

(Count 1): Interference with and conspiracy to interfere with interstate commerce by robbery and violence in violation of 18 U.S.C. § 1951(a);

(Count 2): Using and carrying a firearm in relation to a crime of violence violation of 18 U.S.C. § 924(c);

(Count 3): Robbery involving controlled substances in violation of 18 U.S.C. §§ 2118(a)(1)

and 2118(c)(1); and

(Count 5): Possession with Intent to Distribute Oxycodone in violation of 21 U.S.C. § 841(b)(1)(C).

(CR Doc. 2 at 2-3); *see also* (CR Doc. 68 at 1-2). Gallardo also pled guilty to theft of medical products in violation of 18 U.S.C. §§ 670, which was added by a separate Information. (CR Doc. 35); *see also* (CR Doc. 68 at 1-2).

The Court accepted the plea and sentenced Gallardo to 87 months imprisonment on Counts 1, 3, and 5; 60 months imprisonment on the unenumerated medical theft charge; and 84 months imprisonment on Count 2 (firearm charge). (CR Doc. 68 at 3). The firearm sentence runs consecutively to all other sentences, for a total term of 180 months. *Id.* The Court (Hon. James Browning) entered Judgment on January 25, 2016. *Id.* Gallardo did not appeal, in accordance with his waiver of rights under the Plea Agreement. (CR Doc. 38 at 10).

Gallardo filed a § 2255 habeas motion on August 17, 2018. (CR Doc. 98) (Original Motion).[1] He sought to vacate his 84-month firearm sentence on the ground that 18 U.S.C. § 924(c) is unconstitutionally vague under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *U.S. v. Davis*, 139 S. Ct. 2319 (2019). By a Memorandum Opinion and Order entered March 27, 2020, the Court dismissed the Original Motion with prejudice. (CV Doc. 4) (hereinafter, "Dismissal Ruling"). The Court entered final judgment in the habeas matter on the same date. (CV Docs. 5). Gallardo filed the instant Motion to Reconsider about six months later, on September 25, 2020.

---

[1] The Original Motion counts as Gallardo's "first" § 2255 motion, even though he previously filed a letter-inquiry about relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (CR Doc. 92). The Court (Hon. James Browning) dismissed that letter-inquiry without construing it as a formal habeas motion, and "without prejudice to his right to file a subsequent 28 U.S.C. § 2255 motion unrestricted by the limitations on second or successive motions …." (CR Doc. 96 at 4).

# DISCUSSION

Where, as here, a petitioner seeks reconsideration of a § 2255 ruling, the Court must first evaluate whether the motion raises a true Fed. R. Civ. P. 60(b) argument or a successive habeas claim. The distinction matters because "[i]n the absence of [Tenth Circuit] authorization, a district court lacks jurisdiction to address the merits of a second or successive … habeas petition." *Yellowbear v. Hill*, 2021 WL 2349910, at *2 (10th Cir. June 9, 2021) (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)). A post-judgment motion should be construed as a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (filings are construed under § 2255 when they "collaterally attack the validity of a conviction and sentence"). Examples of successive claims include: (1) "a motion seeking to present a claim of constitutional error omitted from the initial … petition[;]" (2) a motion citing newly discovered evidence; or (3) a "motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Spitznas*, 464 F.3d at 1216.

"Conversely, it is a 'true' 60(b) motion if … challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. Examples of true Rule 60(b) motions typically involve procedural defects such as witness misconduct at a federal habeas hearing or improper dismissal based on exhaustion or the statute of limitations. *Id.* "In the case of a 'mixed' motion-that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims-the district court should … address the merits of the true Rule 60(b)

allegations" and evaluate whether to dismiss the successive habeas claims or forward them to the Circuit for authorization. *Id.* at 1217.

Gallardo ostensibly seeks reconsideration of the Dismissal Ruling, which rejected the Original Motion as a matter of law. Gallardo sought to vacate his 18 U.S.C. § 924(c) firearm conviction based on *U.S. v. Davis*, 139 S. Ct. 2319 (2019) and *U.S. v. Salas*, 889 F.3d 681 (10th Cir. 2018). Those cases afford relief: (1) where the defendant used a firearm in connection with an underlying crime of violence; and (2) the underlying crime is defined as violent by the defective "Residual Clause" contained in 18 U.S.C. § 924(e)(2)(B)(ii). The Dismissal Ruling determined no relief is available because Gallardo's § 924(c) conviction is not predicated on a crime of violence that falls within the Residual Clause. At least one of Gallardo's underlying crimes – Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) – falls within § 924(c)'s Elements Clause. *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065-66 (10th Cir. 2018) (Hobbs Act Robbery is "categorically" a crime of violence under § 924(c)'s Elements Clause). The Dismissal Ruling concluded Gallardo was properly convicted of using a firearm during a "crime of violence," notwithstanding any defects in the Residual Clause.

The Dismissal Ruling further observed that Gallardo used a firearm in furtherance of a drug trafficking crime, *i.e.,* stealing and possessing oxycodone, which is an alternative basis to deny relief. *See U.S. v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019) (unpublished order) (*Davis* does not provide relief where the defendant used a firearm during a drug trafficking crime); *U.S. v. Turner,* 624 Fed. App'x 624, 626 (10th Cir. 2015) (any defective residual clause does not impact convictions based on drug offenses, rather than an underlying crime of violence).

Gallardo contests both rulings. The Court will address each argument below, including

4

whether the grounds for reconsideration should be analyzed under Rule 60(b) or as a successive habeas claim.

### 1. Alleged Mischaracterization of the Hobbs Act Robbery Conviction

Hobbs Act Robbery is the shorthand name for Interference with Interstate Commerce by Robbery and Violence in violation of 18 U.S.C. § 1951(a). Gallardo argues that, in declining to vacate his § 924(c) conviction, the Court mistakenly labeled the underlying crime of violence as Hobbs Act Robbery, rather than conspiracy to commit Hobbs Act Robbery. (CV Doc. 6 at 1). The distinction alters the analysis on whether the underlying crime falls within § 924(c)'s defective Residual Clause. *Id.*; *see also* United States v. Eccleston, 2020 WL 4336361, at *15 (D.N.M. July 28, 2020) (noting that unlike robbery, conspiracy to commit robbery does not necessary constitute a crime of violence).

This argument is akin to a true Rule 60(b) claim. It implicates a defect in the integrity of the habeas proceeding, namely, that the Court analyzed the wrong underlying crime. *See Spitznas*, 464 F.3d at 1216; *see also* Fed. R. Civ. P. 60(b)(1) (relief is available based on "mistake [or] inadvertence"). The Court rejects this argument, however, because it is inaccurate. Gallardo pled guilty to robbery *and* conspiracy to commit robbery. The Plea Agreement references "Interference and Conspiracy to Interfere with Interstate Commerce by Robbery and Violence" in violation of 18 U.S.C. § 1951(a). (CR Doc. 38 at 2). The Judgment uses the same language. (CR Doc. 68 at 1). The fact that Gallardo was convicted of conspiracy in addition to robbery makes no difference in this case. Accordingly, the Court correctly analyzed the robbery convictions for purposes of § 924(c), and no relief is available under Rule 60(b).

5

## 2. Other Underlying Crimes and the § 924(c) Firearm Charge

Gallardo also challenges the ruling that, notwithstanding Hobbs Act Robbery, he pled guilty to other charges that support the § 924(c) firearm conviction. The Dismissal Ruling cites authority that robbery involving controlled substances in violation of 18 U.S.C. § 2118 qualifies as a violent felony under the Elements Clause of § 924(c). *See United States v. Contreras,* 689 Fed. App'x 886, 888-889 (10th Cir. 2017). The Dismissal Ruling also points out § 924(c) covers the use a firearm "in relation to any ... drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Gallardo was convicted of possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(b), which is a defined drug trafficking crime for purposes of § 924(c). *See* 18 U.S.C. § 924(c)(2) ("the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq."); *United States v. Ellis*, 2021 WL 2224357, at *3 (10th Cir. June 2, 2021) (noting in passing that the Controlled Substances Act includes 21 U.S.C. § 841(b)). Essentially, the Court concluded that even if Gallardo prevailed on his argument regarding Hobbs Act Robbery, his other two convictions support the § 924(c) charge.

Construed liberally, the Motion to Reconsider asserts Gallardo only intended to plead guilty to using a firearm in relation to conspiracy to commit Hobbs Act Robbery, not in relation to any drug crimes. (CV Doc. 6 at 2). Gallardo points to the Plea Agreement, which labels Count 2 as "Brandishing a Firearm in Furtherance of a Crime of Violence." (CR Doc. 38 at 2). The Judgment, on the other hand, tracks the language of the Indictment and contains a conviction for "Brandishing, Using, Carrying, and Possessing a Firearm During ... a Crime of Violence and a Drug Trafficking Crime." (CR Doc. 68 at 2). Gallardo asks the Court proceed as though he only pled guilty to using a firearm in relation to the conspiracy charge, which may render him eligible

for relief based on *Davis* and § 924(c)'s defective Residual Clause. (CV Doc. 6 at 2).

This argument constitutes a successive habeas claim. At best, it seeks to relitigate "the habeas court's previous ruling on the merits of" Gallardo's § 924(c) claim. *Spitznas*, 464 F.3d at 1216 (listing examples of successive claims). More likely, Gallardo asserts a new claim that he misunderstood the plea.[2] The Court lacks jurisdiction to address this successive claim in the first instance. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). The Court also determines the interests of justice do not dictate a transfer to the Tenth Circuit so that Gallardo can seek authorization to file a successive claim. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Cline,* 531 F.3d at 1252. The successive claim is time-barred, since Judgment was entered in 2016 and the limitation period expired the next year. *See* 28 U.S.C. § 2255(f). Regarding the merits, there is no basis to ignore most of Gallardo's convictions and proceed as though he only used the firearm in furtherance of a conspiracy. The Court will therefore dismiss the successive habeas claim without prejudice for lack of jurisdiction.

## C. Certificate of Appealability

District courts must typically grant or deny a certificate of appealability in connection with any 28 U.S.C. § 2255 ruling, including the denial of a motion to reconsider and the dismissal of

---

[2] The Court also notes that, even if Gallardo's argument regarding drug crimes raised a true Rule 60(b) claim, there are no grounds to reconsider under that rule. The only potential mistake Gallardo points to is his misunderstanding of the plea, which is not actionable under Rule 60(b). There is no mistake in the Dismissal Ruling, since the § 924(c) conviction is valid under a variety of theories.

7

successive habeas claims.  *See* Habeas Corpus Rule 11.  A certificate of appealability can only issue where the petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For the reasons above, reasonable jurists would not debate this ruling, and the Court will deny a certificate of appealability.

**IT IS ORDERED** that any Rule 60(b) arguments raised in Blake Gallardo's Motion to Reconsider (**CV Doc. 6**) are **DENIED**; any successive habeas claims raised in that filing are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and a certificate of appealability is **DENIED**.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**